CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 14, 2024

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00249 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CARL A. MANIS, *et al.,* | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983, alleging claims that arise from events that occurred while he was housed at Wallens Ridge State Prison (WRSP) and Red Onion State Prison (ROSP). His amended complaint alleges several claims against 62 defendants. (Dkt. No. 11.) Excluding exhibits, the amended complaint is 142 pages long and contains 208 separately-numbered paragraphs. (Dkt. Nos. 11, 11-1, 11-2.)

On October 17, 2023, the court issued an order severing this matter into 27 cases (this case and 26 new cases). (Dkt. No. 12.) The new cases are docketed at Case Nos. 7:23-cv-660 through 685. In each of the new cases, the court docketed Ofori's Statement of Assets and Prisoner Trust Account Report and entered conditional filing orders. (*See, e.g.*, Case No. 7:23-cv-660, Dkt. Nos. 2, 3.)

On November 15, 2023, Ofori filed a motion in this case to reconsider the court's severance order. (Dkt. No. 13.) Ofori also moved in each of the new cases for an extension of time to file a consent to fee form. (*See, e.g.*, Case No. 7:23-cv-685, Dkt. No. 4.) The court granted Ofori's motions for extensions in the new cases and stayed the deadlines to comply with the court's conditional filing order pending the court's resolution of Ofori's motion to reconsider in the above-captioned matter. (*See, e.g.*, Case No. 7:23-cv-672, Dkt. No. 5.)

## I.  SEVERANCE

Courts have wide discretion in determining whether severance is appropriate.  *See O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 603 (S.D.W. Va. June 29, 2020).  In determining whether severance is appropriate, courts look to factors such as whether severance would facilitate settlement or judicial economy, the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic.  *Id.*

The court severed Ofori's complaint because his claims and defendants were misjoined pursuant to Federal Rule of Civil Procedure 18 and 20, reasoning that "where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper." (Dkt. No. 12 at 1.)  Further, even if there were no misjoinder, the court found that "allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the Prison Litigation Reform Act (PLRA)." (*Id.* at 1–2.)  Thus, the court exercised its discretion to sever Ofori's claims into different lawsuits because it "would not be efficient or otherwise appropriate to allow Ofori to prosecute all his claims in a single case." (*Id.* at 2.)

## II.  MOTION TO RECONSIDER

Ofori's motion is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides that an interlocutory, non-dispositive order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Rule 54(b)'s approach involves "broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light."  *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original).  A court may

2

revise an interlocutory order "under the same circumstances in which it may depart from the law of the case," *id.*; (1) "a subsequent trial producing substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice."  *Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 515 (4th Cir. 2003); *see also Schiff v. Brown*, Civil Action No. DKC 23-338, 2023 WL 8019022, at *1 (D. Md. Nov. 20, 2023) (listing "narrow circumstances" where courts in this circuit may reconsider interlocutory orders).

Ofori argues that the court erred because the "indivisible subject-matter" of what he refers to as "Count A"—paragraphs 5 to 125 of his amended complaint—is that he was targeted for harassment and retaliated against for the frequent submission of complaints, grievances, and lawsuits.  (Dkt. No. 13 at 4.)  Yet, as the court's severance order set forth, this vast portion of the amended complaint itself includes claims of retaliation and harassment; claims involving religious practices; alleged food tampering; accusations of possessing an illegal substance; allegations that items were stolen from Ofori's cell; allegations that he was denied food and that his tray was filthy; and that he was harassed, assaulted, and pepper sprayed.  (*See, e.g.*, Dkt. No. 12 at 4–5.)  This is just a small sample of the separate incidents involved in this part of the amended complaint, each occurring on separate dates and involving a revolving group of defendants.  That they all involved the common assertion by Ofori that he was subjected to such treatment in retaliation for his grievance or lawsuit activities does not justify lumping these disparate factual allegations into the same lawsuit.

Ofori also argues that if the court were to sever, his suit should be severed into three separate lawsuits, not 27.  (Dkt. No. 13 at 7–8.)  This would undermine the court's stated goal of furthering judicial economy and avoiding unwieldy, omnibus litigation related to disparate aspects of incarceration.

In sum, Ofori has not established that the court committed a clear error, causing manifest injustice, or any of the other justifications sufficient for the court to reconsider its severance order. Therefore, the court will deny Ofori's motion to reconsider.

### III. CONCLUSION

For the reasons stated in this opinion, it is HEREBY ORDERED that:

1.      Ofori's motion to reconsider (Dkt. No. 13) is DENIED; and

2.      The orders conditionally staying the deadlines in the court's orders conditionally filing Case Nos. 7:23-cv-660 through 685 are VACATED,[1] the stays in those cases are LIFTED, and Ofori shall have thirty days from the date of this order to comply with the requirements set forth in the orders conditionally filing those actions.[2]

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Ofori.

Entered: March 14, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] These orders are minute orders at Docket Number 5 in each of those cases.

[2] Docket Number 3 in each of those cases, Case Nos. 7:23-cv-660 through 685.